[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105 FACTS
The plaintiff; John R. Noack (plaintiff), filed a four count complaint on March 21, 2001, against the defendants, Raymond A. Noack (R. Noack) and Joan Duzak-Noack for injuries he sustained as a result of the defendants conduct. The facts as alleged in the complaint are as follows: The plaintiff is a tenant and R. Noack is the successor landlord under a commercial lease dated April 12, 1999. This lease is recorded in the Hartland Land Records. The premises under the lease is located at 26 CT Page 16117 Westwoods Road in East Hartland, Connecticut. The term of the lease is April 12, 1999 to May 1, 2029.
The complaint alleges that in July 2000, R. Noack forged the plaintiff's name to a document entitled "Release and Termination of Lease (RTL)." The RTL is recorded in the Hartland Records and purports to release and discharge the Notice of Lease and to terminate and cancel the lease. On or about July 19, 2000, R. Noack mortgaged the leased premises to Pinnfund USA. This Mortgage is recorded in the Hartland Land Records. Based on these facts, the plaintiff alleges the following causes of action against the defendants: count one, willful, wanton and reckless misconduct; and count two, intentional infliction of emotional distress.
Count three of the complaint claims that R. Noack, without the plaintiff's permission or knowledge, forged the plaintiff's name to bonds that plaintiff's mother, Beatrice A. Noack, purchased. Such bonds were to be paid to the plaintiff upon her death. The plaintiff alleges that R. Noack converted the proceeds of the bonds for his own use and that the plaintiff received no benefits from any part of proceeds.
Count four alleges that on October 18, 2000, the plaintiff gave notice to R. Noack that the RTL contained the plaintiff's forged signature. Subsequent to this notice, R. Noack transferred three parcels of real estate to Joan Duzak-Nowak. The plaintiff claims that these transfers were made without adequate consideration and made with the intent to defraud the plaintiff, by shielding the properties from attachment and levy by the plaintiff based upon claims set forth in the complaint. Accordingly, the plaintiff seeks damages, punitive damages, interest, a declaratory judgment declaring the RTL void, an order setting aside the conveyances of the real property between the defendants, and attorney's fees.
On August 6, 2001, the defendants filed the present motion to strike count two of the plaintiff's complaint. They have filed an accompanying memorandum of law. On August 22, 2001, the plaintiff filed a memorandum of law in opposition to the defendants' motion to strike.
 ISSUE
Whether the defendants' motion to strike count two of the plaintiff's complaint should be granted because it does not allege sufficient facts to establish a claim for intentional infliction of emotional distress. The court concludes that the motion to strike should be granted.
 DISCUSSION
CT Page 16118
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." Gazo v. Stamford, 255 Conn. 245, 260,765 A.2d 505 (2001). [I]f the facts provable in the allegations would support a cause of action, the motion to strike must be denied." Id. "[The court takes] the facts to be those alleged in the complaint that has been stricken and [construes] the complaint in the manner most favorable to sustaining its legal sufficiency." Id.
"A motion to strike admits all facts well pleased; it does not admitlegal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novamedrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
In count two of the complaint the plaintiff realleges the allegations of count one and alleges further that as a result of the intentional misconduct of R. Noack, the plaintiff has suffered severe stress, anxiety, loss of sleep, emotional distress and mental suffering. He also alleges that R. Noack knew or should have known that his conduct involved an unreasonable risk of causing emotional distress to the plaintiff and that such distress might result in illness and harm to the plaintiff.
The defendants argue that count two should be stricken because the allegations contained in the count are insufficient to establish a claim for intentional infliction of emotional distress. Specifically, the defendants argue that count two alleges mere conclusions of law that are unsupported by the facts alleged, thus, failing to state a claim. The defendants further contend that the plaintiff fails to plead sufficient facts of R. Noack's intention to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct. Moreover, defendants argue that the plaintiff fails to plead sufficient facts to establish that R. Noack's conduct was "extreme and outrageous" and "especially calculated" to cause sever emotional distress.
In his memorandum in opposition, the plaintiff maintains that he does plead sufficient facts. Specifically, he argues that he alleged that the defendant "knew or should have known that his conduct involved an unreasonable risk of causing emotional distress to the plaintiff and that such distress might result is an illness and harm to the plaintiff" The plaintiff also contends that he alleged that he has suffered severe emotional distress as a result of the defendant's conduct. The plaintiff further argues that he has alleged R. Noack's intention to inflict CT Page 16119 emotional distress by asserting in count one at paragraphs four and five the forgery of a document purporting to terminate the plaintiff's business lease and that such forgery was an intentional act intended to terminate his lease.
In order to establish a claim for intentional infliction of emotional distress against the defendant, the plaintiff must allege four elements: "(1) that the actor intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of his or her conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe."Appleton v. Board of Education of Stonington, 254 Conn. 205, 210,757 A.2d 1059 (2000). It is axiomatic that all of the elements of a claim must be pled in order for the claim to survive a motion to strike.
In this case, the plaintiff has not alleged all four elements of intentional infliction of emotional distress necessary to withstand a motion to strike. Here, the plaintiff merely asserts legal conclusions for two of the elements of intentional infliction of emotional distress, which are not supported by facts. These assertions are insufficient to state a claim upon which relief can be granted. Moreover, implicitly providing one or more of the requisite elements in another count that is subsequently realleged in a count for intentional infliction of emotional distress is also insufficient for establishing a claim for intentional infliction of emotional distress. All four elements of intentional infliction of emotional distress must be sufficiently pleaded to survive a motion to strike.
Therefore, the defendant's motion to strike is granted.
Cremins, J.